WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene Soliz,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>Micael Valenzuela, *et al.,*<br><br>　　　　　　Defendants. | CV 05-535  TUC DCB<br><br>**ORDER** |

On September 9, 2005, Plaintiff commenced this suit against "Micael Valenzuela" and "Radistor & Muffler." (document 1) However, according to the Affidavit of Service, filed on September 13, 2005, the Defendants' true names are Richard Valenzuela and Tucson Radiator & Muffler. (document 5) Unfortunately, the Defendants' names are not the only sources of confusion in this case.

A review of Plaintiff's complaint fails to reveal any basis for this Court's jurisdiction. Rather, Plaintiff's complaint appears to be one for breach of contract brought by one Arizona resident against another. Plaintiff's claim is not based on any federal statute, nor does it raise any federal question. *See*, 28 U.S.C. § 1331. Furthermore, while Plaintiff's complaint does seek damages in the amount of $500,000.00, which would satisfy the amount in controversy requirements of 28 U.S.C. § 1332(b), there is no diversity of citizenship upon which to base jurisdiction. *See,* 28 U.S.C. § 1332(a). In short, Plaintiff's complaint fails to set forth a basis for this Court's subject matter jurisdiction.

**Accordingly,**

**IT IS ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. Plaintiff **shall** have **thirty (30) days** from the filing date of this Order to file an amended complaint, clearly and concisely stating the claims for relief, and properly establishing this Court's subject matter jurisdiction. *See,* Rule 8(a), Fed.R.Civ.P.  The amended complaint must be retyped or rewritten in its entirety on a Court-approved form and may not incorporate any part of the original complaint by reference.  Any amended complaint submitted by Plaintiff should be clearly designated as an amended complaint on the face of the document. Plaintiff should take notice that if he fails to timely file an amended complaint, the complaint and this action **will be dismissed with prejudice**, without further notice to Petitioner. Rule 41(b), Fed.R.Civ.P.

Additionally, Plaintiff is advised that all papers filed with the court "shall state *with particularity* the grounds" for the relief sought. Rule 7(b)(1), Fed.R.Civ.P. (emphasis added). "[I]f the court can comprehend the basis of the motion and deal fairly with it," then the particularity requirement of Rule 7(b)(1) is considered satisfied. *McGarr v. Hayford*, 52 F.R.D. 219, 221 (S.D. Cal. 1971). The complaint filed by Plaintiff is so unintelligible and indecipherable that this Court cannot comprehend the basis of the complaint nor fairly deal with it. Indeed, Plaintiff's complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (*citing Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).

DATED this 25th day of October, 2005.

David C. Bury
United States District Judge